UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| CHARLES GRAHAM,<br>   Plaintiff, | )<br>)<br>) |
| vs. | )    Case No. 23-3007<br>) |
| DEONTAY CRAWFORD, et. al.,<br>   Defendants | )<br>) |

MERIT REVIEW ORDER

JAMES E. SHADID, U.S. District Judge:

This cause is before the Court for merit review of the Plaintiff's complaint. The Court is required by 28 U.S.C. §1915A to "screen" the Plaintiff's complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A.

Plaintiff alleges seven Defendants violated his constitutional rights at Lincoln Correctional Center including Dr. Deontay Crawford, Dr. George Milanez, Dr. Sandu, Dr. Russell Austin, Health Care Unit (HCU) Administrator Lisa Hopp, Dental Assistant Glenda Thomas, and Wexford Health Sources. Plaintiff alleges the Defendants were deliberately indifferent to his dental problems when they delayed or denied dental care from October 16, 2019 until the filing of Plaintiff's complaint.

Plaintiff's complaint provides extensive details of his medical needs including a bump or abscess between teeth #4 and #5, swelling around tooth #5, a chipped #8

tooth, and constant pain. The Court notes much of Plaintiff's complaint focuses on the failure to perform a root canal or provide other dental treatment instead of offering only a tooth extraction. Plaintiff claims the failure to offer other dental care is unconstitutional.

Plaintiff is advised the Seventh Circuit has already noted a prison dentist's decision to offer only an extraction instead of a root canal did not violate the constitution. *See Mathews v. Raemisch*, 513 Fed.Appx. 605, 607 (7th Cir. 2013) (holding that denying a root canal is not deliberate indifference when the record contains "undisputed affidavits from doctors stating that a root canal is not medically necessary and that an available tooth extraction will treat [the plaintiff s] problem"). However, whether Defendants made this recommendation based on their "professional judgment cannot be determined without an affidavit" from the treating physician, and therefore the claim should not be dismissed at merit review. *Singleton v. Huff*, 2018 WL 497067, at *1 (C.D.Ill. Jan. 22, 2018). Plaintiff also alleges delays in providing dental care such as routine fillings lead to further deterioration of his teeth and left him to suffer in pain. Therefore, Plaintiff can proceed with his Eighth Amendment claim.

Plaintiff has named "Wexford Utilization Management" or "the actual company" as a Defendant in its official capacity, but he has failed to articulate a claim. (Comp, p. 4). "[A]n inmate bringing a claim against a corporate entity for a violation of his constitutional right must show that the corporation supports a 'policy that sanctions the maintenance of prison conditions that infringe upon the constitutional rights of the prisoners.'" *Brown v Ghosh*, 2010 WL 3893939 at 8 (N.D. Ill. Sept. 28, 2010) *quoting*

2

*Woodward v Corr. Med. Servs. of Ill., Inc.*, 368 F.3d 917, 927 (7th Cir. 2004). The corporate policy "must be the direct cause or moving force behind the constitutional violation." *Woodward*, 368 F.3d at 927, *quoting Estate of Novack ex rel. v. County of Wood*, 226 F.3d 515, 530 (7th Cir. 2000). Plaintiff has failed to clearly allege any Wexford policy or practice lead to a constitutional violation. Therefore, the Court will dismiss Defendant Wexford.

Plaintiff has also filed a motion for appointment of counsel. [5]. Plaintiff has no constitutional right to the appointment of counsel. In addition, the Court cannot require an attorney to accept pro bono appointment in a civil case. The most the Court can do is ask for volunteer counsel. *See Jackson v. County of McLean,* 953 F.2d 1070, 1071 (7th Cir. 1992).

In considering Plaintiff's motion, the Court must ask two questions: "(1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself?" *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007), *citing Farmer v. Haas*, 990 F.2d 319, 322 (7th Cir. 1993).

Plaintiff indicates he has contacted one attorney who declined to represent him.. This single inquiry does not demonstrated Plaintiff made a reasonable attempt to find counsel on his own. *See Eagan v. Dempsey*, 2021 WL 456002, at *8 (7th Cir. 2021)(a plaintiff's reasonable attempt to find counsel is a "a mandatory, threshold inquiry that must be determined before moving to the second inquiry."). Therefore, the motion is denied with leave to refile. [5]. Plaintiff should a list of attorneys contacted, or letters sent or received.

IT IS THEREFORE ORDERED:

1) Pursuant to its merit review of the complaint under 28 U.S.C. § 1915A, the Court finds the Plaintiff alleges Defendants Dr. Deontay Crawford, Dr. George Milanez, Dr. Sandu, Dr. Russell Austin, Health Care Unit (HCU) Administrator Lisa Hopp, and Dental Assistant Glenda Thomas violated Plaintiff's Eighth Amendment rights when they delayed or denied needed dental care. The claims are stated against the Defendants in their individual capacities only. Any additional claims shall not be included in the case, except at the Court's discretion on motion by a party for good cause shown or pursuant to Federal Rule of Civil Procedure 15.

2) This case is now in the process of service. Plaintiff is advised to wait until counsel has appeared for Defendants before filing any motions, in order to give Defendants notice and an opportunity to respond to those motions. Motions filed before Defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at this time, unless otherwise directed by the Court.

3) The Court will attempt service on Defendants by mailing each Defendant a waiver of service. Defendants have 60 days from service to file an Answer. If Defendants have not filed Answers or appeared through counsel within 90 days of the entry of this order, Plaintiff may file a motion requesting the status of

service. After Defendants have been served, the Court will enter an order setting discovery and dispositive motion deadlines.

4) With respect to a Defendant who no longer works at the address provided by Plaintiff, the entity for whom that Defendant worked while at that address shall provide to the Clerk said Defendant's current work address, or, if not known, said Defendant's forwarding address. This information shall be used only for effectuating service. Documentation of forwarding addresses shall be retained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

5) Defendants shall file an answer within 60 days of the date the waiver is sent by the Clerk. A motion to dismiss is not an answer. The answer should include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings shall be to the issues and claims stated in this Order. In general, an answer sets forth Defendants' positions. The Court does not rule on the merits of those positions unless and until a motion is filed by Defendants. Therefore, no response to the answer is necessary or will be considered.

6) Once counsel has appeared for a Defendant, Plaintiff need not send copies of his filings to that Defendant or to that Defendant's counsel. Instead, the Clerk will file Plaintiff's document electronically and send a notice of electronic filing to defense counsel. The notice of electronic filing shall constitute service on

Defendants pursuant to Local Rule 5.3.  If electronic service on Defendants is not available, Plaintiff will be notified and instructed accordingly.

7) Counsel for Defendants is hereby granted leave to depose Plaintiff at his place of confinement. Counsel for Defendants shall arrange the time for the deposition.

8) Plaintiff shall immediately notify the Court, in writing, of any change in his mailing address and telephone number.  Plaintiff's failure to notify the Court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.

9) Within 10 days of receiving from Defendants' counsel an authorization to release medical records, Plaintiff is directed to sign and return the authorization to Defendants' Counsel**.**

**IT IS FURTHER ORDERED THAT THE CLERK IS DIRECTED TO:**

**1) Dismiss Defendant Wexford for failure to state a claim upon which relief can be granted pursuant to by 28 U.S.C. §1915A; 2) Deny Plaintiff's motion for appointment of counsel with leave to review, [5]; 3) Attempt service on Defendants pursuant to the standard procedures; 4) Set an internal court deadline 60 days from the entry of this order for the court to check on the**

**status of service and enter scheduling deadlines; and 5) Enter the Court's standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.**

Entered this 5th day of April, 2023.

                                      s/James E. Shadid

                            _____
                                        JAMES E. SHADID
                                 UNITED STATES DISTRICT JUDGE